AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

__Southern__ District of __New York__

KATHLEEN KAFER

V.

UNITED STATES OF AMERICA

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

**08 CV 0544**

**JUDGE SWAIN**

TO: (Name and address of Defendant)

United States of America
U.S. Attorney's Office
86 Chambers Street
New York, NY 10007

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Morris J. Newman (MN9412)
Newman Anzalone & Associates, LLP
97-45 Queens Boulevard, 6th Floor
Rego Park, NY 11374

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK _[signature]_

(By) DEPUTY CLERK

DATE   JAN 22 2008

COPY RECEIVED
JAN 22 2008
U.S. ATTORNEY'S SDNY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHLEEN KAFER,

                            *Plaintiff(s),*     **JUDGE SWAIN**

                                               COMPLAINT
   -against-                          **08 CV 0544**
                                                 Docket No.:

UNITED STATES OF AMERICA

                                                Jury Trial Demanded



                                       *Defendant(s).*

1. All causes of action herein against the defendant, UNITED STATES OF AMERICA, arise under the Federal Tort Claims Act, 28 U.S.C. 1346 (b), 2671 et seq., as hereinafter more fully appears.

2. Plaintiff demands a trial by jury of all issues in the matter pursuant to 28.USCA, FRCP Rule 38.

3. That upon information and belief, and at all times hereinafter mentioned, the defendant, UNITED STATES OF AMERICA, owned certain lands and premises known as Statue of Liberty, Liberty Island, New York.

4. That upon information and belief, and at all times hereinafter mentioned, the defendant, UNITED STATES OF AMERICA, operated said lands and premises including the stairways located thereat.

5. That upon information and belief, and at all times hereinafter mentioned, the defendant, UNITED STATES OF AMERICA, managed said lands and premises including the stairways located thereat.

COPY RECEIVED
JAN 2 2 2008
U.S. ATTORNEY'S SDNY

6. That upon information and belief, and at all times hereinafter mentioned, the defendant, UNITED STATES OF AMERICA, possessed said lands and premises including the stairways located thereat.

7. That upon information and belief, and at all times hereinafter mentioned, the defendant, UNITED STATES OF AMERICA, controlled said lands and premises including the stairways located thereat.

8. That upon information and belief, and at all times hereinafter mentioned, the defendant, UNITED STATES OF AMERICA, maintained said lands and premises including the stairways located thereat.

9. That upon information and belief, and at all times hereinafter mentioned, the plaintiff, KATHLEEN KAFER, was lawfully upon the aforementioned premises at the implied request and invitation of the defendants.

10. That at all times hereinafter mentioned, all of the aforementioned defendants were under a duty and obligation to maintain and keep in good repair all areas of said premises, including the stairways located thereat.

11. That on or about January 19, 2007, while the plaintiff, KATHLEEN KAFER, was lawfully on the defendants' premises utilizing a certain exterior stairway designated at P3-P2 of the Statue of Liberty Monument, and using all due care for her safety, suddenly and without any warning, she was caused to slip and fall due to a dangerous accumulation of snow, ice, and/or other slippery substances existing thereat, thereby causing plaintiff to be violently precipitated to the ground, due to the negligence and carelessness of the defendants,

and/or their agents, servants and/or employees in causing, permitting and allowing snow, ice, and/or other slippery substance to be and remain on the aforementioned stairway and permitting said stairway to be and remain in an otherwise dangerous and defective condition for an unreasonable length of time so that it was dangerous to those individuals lawfully traversing thereat, including the plaintiff herein.

12. Upon information and belief, prior to the 19th day of January, 2007, the defendants had knowledge of the unsafe and dangerous condition of said stairway area or that same had existed for so long a period of time that they should have known of the existence of said condition in time to have made said stairway area safe before the occurrence of the accident alleged herein.

13. That the defendants were negligent in allowing the aforesaid stairway to be and remain for a long time, after notice actual and/or constructive, in an unsafe and dangerous condition, to people lawfully upon the premises in general and more particularly the plaintiff, KATHLEEN KAFER.

14. That the defendants were at all times under a duty to provide the plaintiff with a safe place to walk upon and onto the premises.

15. That the accident in question was caused wholly and solely by the negligence of the defendants and their respective agents, servants and/or employees in the ownership and operation of the aforesaid premises.

16. That there was no negligence on the part of the plaintiff contributing thereto.

17. If the defendant, UNITED STATES OF AMERICA, were a private person it would be liable to the plaintiff, KATHLEEN KAFER, in accordance with the laws of the State of New York.

18. Pursuant to 28 U.S.C. section 2675(a), the claim set forth herein was presented to the Department of the Interior, National Park Service on behalf of KATHLEEN KAFER. The Department of the Interior, National Park Service has denied said claim by letter dated 11/23/07. This suit was duly commenced thereafter pursuant to 28 U.S.C.A. section 2675(a).

19. Upon information and belief, all conditions precedent to suit have been performed or have occurred.

20. By reason of the foregoing, plaintiff, KATHLEEN KAFER, was rendered sick, sore, lame and disabled, and suffered severe, painful and permanent injuries to various parts of plaintiff's person with accompanying pain; that plaintiff continues to be sick, sore, lame and disabled, she has been incapacitated and has expended and become obligated to expend sums of money for medical care and attention in an effort to cure herself of her injuries and to alleviate her pain and suffering. She was unable and continues to be unable for some time to come, to pursue her usual duties and daily activities.

WHEREFORE, plaintiff, KATHLEEN KAFER, has sustained injuries and damages in a sum greater than the jurisdictional limits of any lower court and as such, demands judgment on all causes of action stated herein against the defendants.

Dated:   Forest Hills, New York
         January 8, 2008

Newman, Anzalone & Associates, LLP

By: _____
BY: MORRIS J. NEWMAN (MJN- 9412)
97-45 Queens Boulevard
6th Floor
Forest Hills, New York  11374
Attorneys for Plaintiffs
(718) 896-2700

d:\wpdoc\VIVIAN\VC\KAFER.MJN