MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: JOSEPH N. CORDARO (JC-6270)
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, NY 10007
Telephone: (212) 637-2745
Facsimile: (212) 637-2686
Email: joseph.cordaro@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

KATHLEEN KAFER,

        Plaintiff,

    v.

THE UNITED STATES OF AMERICA,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

08 Civ. 544 (LTS)
ELECTRONICALLY FILED

**ANSWER**

      Defendant the United States of America, by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, answers the complaint of plaintiff Kathleen Kafer upon information and belief as follows:

    1.    Paragraph 1 of the complaint sets forth plaintiff's allegations regarding jurisdiction, to which no response is required.

    2.    Paragraph 2 of the complaint sets forth plaintiff's jury trial demand, to which no answer is required. Moreover, plaintiff is not entitled to a jury trial under the Federal Tort Claims Act. 28 U.S.C. § 2402.

    3.    Admits the allegations in paragraph 3 of the complaint.

    4.    Admits the allegations in paragraph 4 of the complaint.

5. Admits the allegations in paragraph 5 of the complaint.

6. Admits the allegations in paragraph 6 of the complaint.

7. Admits the allegations in paragraph 7 of the complaint.

8. Admits the allegations in paragraph 8 of the complaint.

9. Denies that defendant requested or invited plaintiff to enter said premises, and admits the remaining allegations in paragraph 9 of the complaint.

10. Paragraph 10 of the complaint sets forth conclusions of law, to which no response is required.

11. Admits that plaintiff was lawfully on said premises on January 19, 2007; lacks knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff was using all due care for her safety; and denies the remaining allegations in paragraph 11 of the complaint.

12. Denies the allegations in paragraph 12 of the complaint.

13. Denies the allegations in paragraph 13 of the complaint.

14. Paragraph 14 of the complaint sets forth conclusions of law, to which no response is required.

15. Denies the allegations in paragraph 15 of the complaint.

16. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the complaint.

17. Paragraph 17 of the complaint sets forth a conclusion of law, to which no response is required.

18. Admits the allegations in paragraph 18 of the complaint.

19. Paragraph 19 of the complaint sets forth a conclusion of law, to which no response is required.

20. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the complaint.

## FIRST DEFENSE

21. Plaintiff's injuries, if any, were sustained without any negligence or fault or want of due care by defendant the United States of America or its employees.

## SECOND DEFENSE

22. The injuries and damages alleged in the complaint were not proximately caused by a negligent or wrongful act or omission of an employee of the United States of America.

## THIRD DEFENSE

23. In the event the defendant is found to be negligent, which negligence defendant denies, the negligence of plaintiff contributed to plaintiff's injury, and any recovery must be proportionately reduced.

## FOURTH DEFENSE

24. To the extent the injuries and damages alleged in the complaint were caused in whole or in part by the negligence or other acts of third parties over whom defendant exercised no control, any recovery must be proportionately reduced.

## FIFTH DEFENSE

25. Plaintiff has failed to mitigate her damages, if any, as required by law.

## SIXTH DEFENSE

26. Plaintiff's recovery, if any, must be reduced pursuant to the collateral source statute, N.Y. CPLR § 4545(c).

## SEVENTH DEFENSE

27.  Plaintiff had knowledge of and voluntarily assumed the risks incident to the activities set forth in the complaint. The injuries alleged by plaintiff were caused by and arose out of such risks.

## EIGHTH DEFENSE

28.  To the extent plaintiff was injured by an alleged dangerous condition of the property that was the situs of the alleged incidents, such condition was open and obvious or known to plaintiff.

## NINTH DEFENSE

29.  Plaintiff's recovery, if any, in this action is limited to the amount stated in plaintiff's administrative claim.

## TENTH DEFENSE

30.  Plaintiff is not entitled to a jury trial under the Federal Tort Claims Act. 28 U.S.C. § 2402.

WHEREFORE, defendant demands judgment dismissing the complaint and granting such other and further relief as this Court deems proper, including costs and disbursements.

Dated: New York, New York
      March 24, 2008

                                          Respectfully submitted,

                                          MICHAEL J. GARCIA
                                          United States Attorney for the
                                          Southern District of New York
                                          Attorney for Defendant

By:     /s/ Joseph N. Cordaro
            JOSEPH N. CORDARO (JC-6270)
            Assistant United States Attorney
            Southern District of New York
            86 Chambers Street, 3rd Floor
            New York, NY 10007
            Telephone: (212) 637-2745
            Facsimile: (212) 637-2686
            Email: joseph.cordaro@usdoj.gov

To:    Morris J. Newman, Esq.
        NEWMAN, ANZALONE & ASSOCIATES LLP
        97-45 Queens Boulevard, 6th Floor
        Forest Hills, New York 11374
        Telephone: (718) 896-2700
        *Counsel for Plaintiff*