UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
KATHLEEN KAFER,

            Plaintiff,

     v.

THE UNITED STATES OF AMERICA,

            Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

08 Civ. 544 (LTS)(KNF)
ELECTRONICALLY FILED

**PRELIMINARY**
**PRE-TRIAL STATEMENT**

    Plaintiff Kathleen Kafer and defendant United States of America jointly file this Preliminary Pre-Trial Statement pursuant to Fed. R. Civ. P. 26(f) and the Court's Order dated January 31, 2008.

    **a.  Concise Statement of the Nature of This Action**

    The nature of this action is one for money damages under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 1402(b), 2671-2680, as a result of personal injuries allegedly sustained by the plaintiff due to an incident that occurred on January 19, 2007, at the Statue of Liberty National Monument, Liberty Island, New York, New York.

    **b.  Concise Statement of the Court's Jurisdiction**

    Plaintiff alleges that jurisdiction is conferred on this Court by the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671-2680. Defendant's position is that, on the basis of information currently available, jurisdiction exists pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 1402(b), 2671-2680. Defendant states that it is still investigating this matter and reserves the right to argue that this Court lacks jurisdiction if warranted based on information obtained as part of its investigation or during discovery.

c. **Concise Statement of Undisputed Facts**

Based on information currently available to the parties, it is uncontested that Defendant owns, operates, manages, controls and maintains the Statue of Liberty National Monument, Liberty Island, New York, New York (hereinafter the "Premises"). On January 19, 2007, plaintiff slipped and fell while descending certain exterior steps at the Premises. After receiving treatment from National Park Service emergency medical technicians at the scene, plaintiff was transported to Jersey City Medical Center, where she was treated for a fractured left elbow. Defendant is still investigating this matter and reserves the right to dispute these facts should information obtained as part of its investigation or discovery show them to be untrue.

d. **Concise Statement of Uncontested Legal Issues**

It is not apparent at this time whether any uncontested legal issues exist.

e. **Concise Statement of Legal Issues to Be Decided by the Court**

The major legal issues in this case are likely to involve whether defendant and/or plaintiff were negligent with respect to the incident involving plaintiff at the Premises, causation of damages and the extent of such damages.

f. **Concise Statements of Material Disputed Facts**

The parties presently believe that the material disputed facts concern the condition of the exterior staircase at the time of the incident; defendant's maintenance of the exterior staircase; the actions of plaintiff and/or third parties preceding, during and after the incident; whether any alleged dangerous condition on the exterior staircase was open and obvious, or otherwise known to the plaintiff; whether defendant had actual or constructive notice of any alleged dangerous condition on the exterior staircase; and the nature and extent of plaintiff's alleged injuries and damages.

### g. Concise Statement of Legal Basis for Each Cause of Action

The legal basis for this cause of action asserted by plaintiff arises under the applicable sections of the Federal Tort Claims Act referenced in paragraph (b) above. Plaintiff claims that she slipped and fell on an exterior staircase at the Premises, that defendant was negligent in allowing such staircase to remain in a dangerous condition, and that plaintiff suffered injuries and damages as a result of such negligence by defendant.

### h. Concise Statement of Legal Basis for Each Defense

Defendant denies the occurrence of any negligence proximately causing plaintiff's alleged injuries and damages, and entitling plaintiff to relief. Defendant further reserves the right to assert and litigate any and all of the defenses stated in defendant's Answer, including contributory negligence or other culpable conduct by plaintiff (N.Y. CPLR 1411), and the collateral source rule (N.Y. CPLR 4545(c)). Defendant reserves the right to submit additional legal authority in support of its defenses prior to the trial of this action.

### i. Concise Statement of Measure of Proof and Burden of Proof

Plaintiff has the burden of proving that defendant was negligent in its maintenance of the relevant staircase at the Premises, and that such negligence was a proximate contributing cause of the injuries and damages alleged by plaintiff. Plaintiff is required to meet her burden of proof by a preponderance of the evidence. Defendant has the burden of proof with respect to all non-jurisdictional affirmative defenses asserted and must establish those affirmative defenses through a preponderance of the evidence.

j. **Amendments of Pleadings or Substitution of Parties**

It is not apparent at this time whether the amendments of pleadings or substitution of parties will be required. The parties respectfully request that the Court set May 19, 2008, as the deadline for any such amendment and/or substitution of parties.

k. **Consent to Trial by Magistrate**

The parties consent to the trial of this case by a Magistrate Judge.

l. **Initial Disclosure and Changes to Fed. R. Civ. P. 26(a) Requirements**

The parties respectfully request that the deadline for initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) be set for April 25, 2008, and otherwise do not propose any changes to the timing, form, or requirements for disclosures under Fed. R. Civ. P. 26(a).

m. **Subjects of Disclosure and Proposed Discovery Cut-off Date**

The subjects on which disclosure may be needed include all issues relevant to, or likely to lead to relevant information concerning, the claims and defenses of the parties. These subjects include the facts alleged in the complaint; the facts of plaintiff's accident at the Premises; the facts of plaintiff's treatment and condition, including any pre-existing conditions or treatment that may be relevant to the injuries or damages sought; and expert testimony. Discovery is expected to include interrogatories; document requests to parties; subpoenas for records from non-parties; possible depositions of third-party medical care providers; possible requests to admit; exchange of expert witness information, including depositions of expert witnesses; and independent medical examination of the plaintiff by the defendant. The parties respectfully request the following discovery schedule:

(1) <u>April 25, 2008</u>: Deadline for service of Fed. R. Civ. P. 26(a)(1) initial disclosures.

(2) <u>May 19, 2008</u>: Deadline for service of motions to join other parties or to amend the pleadings, unless new information supporting such motions is discovered thereafter.

(3) <u>August 15, 2008</u>: Close of fact discovery.

(4) <u>August 15, 2008</u>: Parties will exchange Fed. R. Civ. P. 26(a)(2) disclosures.

(5) <u>October 17, 2008</u>: Close of expert discovery.

(6) <u>October 31, 2008</u>: Deadline for service and filing of dispositive motions pursuant to the Federal Rules of Civil Procedure

**n. Expert Discovery**

Expert evidence may be required with respect to plaintiff's claim of negligence, the injuries and damages allegedly incurred as a result of defendant's alleged negligence, and with respect to the defenses to the claim. The proposed deadlines for expert discovery are set forth in paragraph (m) above.

**o. Changes to Limitations on Discovery**

It is presently not requested that any changes be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of court.

**p. Status of Settlement Discussions**

Until the record is developed further through discovery, the parties believe that it is premature to engage in substantive settlement negotiations; however, the parties are open to such discussions as appropriate.

q. <u>Jury Trial</u>

Although plaintiff has made a jury trial demand, this case is to be tried by the Court without a jury pursuant to 28 U.S.C. § 2402. Plaintiff expects that she will require three days for the presentation of her case. Defendant expects to take one to two days for the presentation of its case.

r. <u>Other Orders</u>

The parties respectfully request that the Court enter a scheduling order containing the dates proposed above, pursuant to Fed. R. Civ. P. 16(b).

Dated: Forest Hills, New York
       April 1, 2008

NEWMAN, ANZALONE &
ASSOCIATES LLP
*Attorneys for Plaintiff*

By: _____
MORRIS J. NEWMAN
97-45 Queens Boulevard, 6th Floor
Forest Hills, New York 11374
Telephone: (718) 896-2700
Facsimile: (718) 896-2560
Email: mnewman@nalawfirm.com

Dated: New York, New York
       April 2, 2008

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
*Attorney for Defendant*

By: _____
JOSEPH N. CORDARO
Assistant United States Attorney
Southern District of New York
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2745
Facsimile:  (212) 637-2686
Email: joseph.cordaro@usdoj.gov