UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

KATHLEEN KAFER,　　　　　　　　　　　:

　　　　　Plaintiff,　　　　　　　　　　　　　　　　:

　　　　　-against-　　　　　　　　　　　　　　　　:　　**ORDER**

UNITED STATES OF AMERICA　　　　　　:

　　　　　Defendants.　　　　　　　　　　　　　　:　　08 Civ. 544 (KNF)

------------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 05/08/08

　　　　A pretrial conference was held in the above-captioned action on May 6, 2008. As a result of the discussion had during the conference, it is hereby ORDERED that:

　　　　1. on or before May 16, 2008, the parties make Fed. R. Civ. P. 26(a)(1) initial disclosures;

　　　　2. on or before May 19, 2008, the parties serve and file any motion to join other parties or to amend the pleadings;

　　　　3. on or before August 15, 2008, the parties complete fact discovery;

　　　　4. on or before August 15, 2008, the parties make Fed. R. Civ. P 26(a)(2) disclosures;

　　　　5. on September 3, 2008, at 2:00 p.m., a settlement conference be held in the above-captioned action before the Honorable Henry B. Pitman, United States magistrate judge, in courtroom 18A, 500 Pearl Street, New York, New York. The procedures under which the settlement conference will be conducted are being provided to the parties with a copy of this order. Should the parties resolve their litigation prior to the settlement conference, counsel to the plaintiff shall notify the undersigned, and Judge Pitman, in writing, expeditiously;

　　　　6. on or before October 17, 2008, the parties complete expert discovery;

7. on or before October 31, 2008, any dispositive motion(s) be served and filed;

8. on or before November 21, 2008, the response to the motion be served and filed; and

9. on or before December 9, 2008, any reply be served and filed.

Dated: New York, New York
May 8, 2008

SO ORDERED:

_____
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

DANIEL M. ORTIZ
COURTROOM DEPUTY
(212) 805-6112

Procedures Applicable to Cases Referred for Settlement
to Magistrate Judge Henry Pitman

1. All settlement conferences are "off the record" and all communications to the magistrate judge relating to settlement are confidential.

2. I shall function as a mediator, attempting to help parties reach agreement on terms of settlement. Efficient use of this process requires that counsel and their clients be (1) prepared for the conference and (2) candid with the mediator.

3. No later than the Friday before the initial settlement conference, counsel for each party should submit a letter, no longer than five pages, clearly marked "CONFIDENTIAL MATERIAL FOR USE AT SETTLEMENT CONFERENCE," which need not be served on other parties, succinctly stating (1) the history of settlement negotiations; (2) counsel's evaluation of the settlement value of the case and the rationale for it (not simply an "opening bid"); and (3) any other facts that would be helpful to the mediator in preparation for the conference. To assure receipt no later than 4:00 p.m. on the due date, it is recommended that pre-conference submissions be faxed to 212-805-6111.

4. At the initial settlement conference, all counsel will be expected (in the presence of each other and the parties) to make a brief presentation (usually 10 minutes) summarizing (1) the issues of fact and law which they regard as dispositive; (2) the most recent offer or demand communicated to adverse counsel; and (3) any other matters they regard as material to settlement. Although the merits of the case are relevant to settlement value, counsel are reminded that settlement conferences are not adjudicatory in nature; discussions of legal issues should be simple and straightforward, with due regard to the importance of participation by the parties in the settlement process.

5. Where all parties are represented by counsel, I shall also meet separately with each side. In these meetings, the parties and their counsel should be prepared to discuss the bases for their stated position, the amount of attorneys' fees and litigation expenses incurred to date and an estimate of the cost of litigating the case to judgment. Where any party appears pro se, separate meetings are not ordinarily held.

6. The presence in person of parties, as well as their lawyers, is essential to the mediation process. In particular, it is important that parties hear the adversary's presentation and have the opportunity to speak with the mediator outside the presence of any adversary. For these reasons, requests that parties be excused from the initial conference are rarely granted, unless a party is in prison or lives far away from New York City. Corporate parties or labor unions should send the person with decision-making authority who gives directions to the attorney of record. Where liability insurance is involved, a knowledgeable representative of the carrier should attend in addition to the insured. Where any government agency is a party, the attorney of record should be accompanied by a knowledgeable representative of the agency involved in the case, regardless of who has ultimate authority to recommend or approve settlement.

7. If a party fails to come to the settlement conference with all the required persons (attorney, plus a decision-making employee from the client, plus a decision-making representative from the insurance carrier), that party may be required to reimburse all the other parties for their time and travel expenses.

8. Telephone requests for adjournment are not entertained. A request for adjournment must, if at all possible, be in the form of a joint letter from the attorneys for all the parties, and must, if at all possible, suggest two alternative dates when the attorneys and their clients will be available. In any event, a request for adjournment is inoperative unless it mentions the position of each party with respect to the requested adjournment.

9. Except for pre-conference submissions pursuant to ¶ 3, all communications with chambers regarding pending cases must be in writing, sent by U. S. mail or facsimile transmissions, with copies to all counsel of record by means no less expeditious than that used to transmit the original.

10. If the case is settled prior to a scheduled conference, an adjournment of up to two weeks will be granted on written request solely for the purpose of submitting a stipulation of dismissal to be "so ordered" by the district judge.

7/96